# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID FELDMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-168-GPM |
| | ) |
| OLIN CORPORATION, OLIN BRASS, and | ) |
| GLOBAL BRASS AND COPPER, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

On November 29, 2010, this Court granted Defendants' motions for summary judgment. The Court also granted a motion for attorney fees and costs filed by Defendant Global Brass and Copper, Inc. (GBC) for Plaintiff's failure to properly release said Defendant from this lawsuit. Defendants jointly seek costs under Federal Rule of Civil Procedure 54(d) in the amount of $33,341.24. GBC seeks attorney fees in the amount of $1,475.00 to reflect the expense incurred in preparing and filing its motion for summary judgment. Plaintiff objects to both requests and asks the Court to stay enforcement of the proceedings pending the outcome of the appeal already filed in this case.

The Court granted GBC its costs and fees under both Federal Rule of Civil Procedure 11 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(k). Plaintiff challenges GBC's submission for fees under Title VII as untimely under Rule 54(d)(2)(B)(i), which provides that unless a statute or a court order provides otherwise, the motion for attorney fees must be filed no later than 14 days after the entry of judgment. GBC did not move for fees when it filed its submission; it actually moved for fees *before* judgment was entered. This objection is overruled,

as GBC's submission was timely.[1]  Plaintiff also challenges the award of fees under Rule 11 as improper.  The Court declines to reconsider its order granting fees to GBC; therefore, this objection likewise is overruled.[2]  GBC's submission of fees in the amount of **$1,475.00** is **APPROVED**.  Because these fees were incurred as a result of Plaintiff's counsel's conduct, Plaintiff's counsel is **ORDERED** to pay such fees to Global Brass and Copper, Inc., c/o Bryan Cave LLP.

Plaintiff filed two objections to Defendants' bill of costs:  (1) computerized research is not recoverable or, alternatively, the amount requested is unreasonable and (2) the amount requested for copies is unreasonable.  Federal Rule of Civil Procedure 54(d)(1) provides, in pertinent part: "Unless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party."  Local Rule of the United States District Court for the Southern District of Illinois 54.2 further governs the taxation of costs in this district.  Rule 54(d) establishes a presumption that the prevailing party is entitled to costs.  *Cefalu v. Village of Elk Grove*, 211 F.3d 416, 427 (7th Cir. 2000).  The Seventh Circuit Court of Appeals has stated that in light of this presumption, the district court's discretion is "narrowly confined."  *See Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221-22 (7th Cir. 1988).  In general, "only misconduct by the prevailing party worthy of a penalty … or the losing party's inability to pay will suffice to justify denying costs."  *Id*. at 222; *see also Contreras v. City of Chicago*, 119 F.3d 1286, 1295 (7th Cir. 1997).

The term "costs" as it is used in Rule 54(d) is defined in 28 U.S.C. § 1920, and courts are

---

[1] If anything, the Court erred in failing to include a fee submission deadline in its November 29th Order.

[2] The Court is puzzled by the statement that Plaintiff "strongly objects" to the award of GBC's fees based on arguments already presented – and rejected – on the issue.  This Court presumes that any objection filed by a party and considered by this Court would be "strong."

allowed to interpret the meaning of the phrases used in that section. *Cengr v. Fusibond Piping Sys., Inc.*, 135 F.3d 445, 454 (7th Cir. 1998). Under § 1920, a federal court may tax as costs the following: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials for which the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828. After a district court determines that the requested costs are statutorily recoverable under § 1920, the court then must determine whether such costs were both reasonable and necessary. *Cengr*, 135 F.3d at 454. The proper inquiry is whether a particular cost was "reasonably necessary" to the case at the time it was incurred, not whether it resulted in use in a motion or during trial. *Id*. at 455.

Defendants submitted a request for $20,306.04 in costs for computerized research used to support its motions for summary judgment. There is significant Seventh Circuit authority holding that computerized legal research costs are recoverable only as part of an attorney fee award and not as costs of suit. *See generally Tchemkou v. Mukasey*, 517 F.3d 506, 512-13 (7th Cir. 2008) ("costs of computerized legal research are recoverable as part of an attorney-fee award"); *Montgomery v. Aetna Plywood, Inc.*, 231 F.3d 399, 409-10 (7th Cir. 2000) ("Computer research charges are considered a form of attorneys' fees;" therefore, the district court did abuse its discretion or otherwise err in excluding such charges from the expenses awarded to class counsel); *Uniroyal Goodrich Tire Co. v. Mutual Trading Corp.*, 63 F.3d 516, 526 (7th Cir. 1995) (including computerized legal research costs as attorney fees awarded under the Racketeer Influenced and Corrupt Organizations Act and the Illinois Consumer Fraud and Deceptive Business Practices Act);

*Haroco, Inc. v. American Nat'l Bank & Trust Co. of Chicago*, 38 F.3d 1429, 1440-41 (7th Cir. 1994) (costs of computerized legal research are recoverable as attorney's fees and may not be recovered as costs); *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990) ("The district court's denial of Stone's request for computerized research as part of its costs was not an abuse of discretion because such expenses are more akin to awards under attorneys fees provisions than under costs."); *but see Little v. Mitsubishi Motors N.A., Inc.*, 514 F.3d 699, 702 (7th Cir. 2008) (per curiam) (finding, in reviewing challenge to award of costs for copies, computerized research, summonses, subpoenas, delivery services, and a video-recorded deposition, that "[a]ll of the above costs are authorized by § 1920").

In *Haroco*, the Court of Appeals considered whether computerized legal research is recoverable as an element of costs under § 1920, even though the plaintiffs did not argue in the district court that inclusion of such costs was improper, stating: "Nevertheless we find this to be an issue of pure statutory construction and an important one at that." 38 F.3d at 1440. The Court continued:

> Computerized legal research involves an attorney sitting down in front of a computer and researching legal issues by searching through a database which now includes almost every resource one would find in the country's largest law libraries. In addition to the attorney charging the client for the time he or she spends doing this research, the companies that offer the computerized legal research services also charge a fee. Theoretically, even though the clients now pay two fees, their ultimate bill should be lower because the attorney should be able to do the research more quickly and efficiently. If this research had been done manually by an attorney sitting in the library reading through books rather than sitting before a computer screen, nobody would dispute that the attendant fees would be properly classified as attorney's fees and not costs.
>
> Recognizing this, we have previously held that computer research costs "are more akin to awards under attorney's fees provisions than under costs." *McIlveen v. Stone Container Corp.*, 910 F.2d 1581, 1584 (7th Cir. 1990). In fact such costs are indeed to be considered attorney's fees. The added costs of computerized research is normally matched with a corresponding reduction in the amount of time an

> attorney must spend researching. Therefore, we see no difference between a situation where an attorney researches manually and bills only the time spent and a situation where the attorney does the research on a computer and bills for both the time and the computer fee. In both cases the total costs are attorney's fees and may not be recovered as "costs."

*Haroco*, 38 F.3d at 1440-41.

This Court is unable to reconcile the rationale in *Haroco* with the holding in *Little*, upon which Defendants rely. A district court in the Northern District of Illinois declined to follow *Little* because, in *Little*, the Court of Appeals upheld the district court's decision without reference to the significant contrary authority cited above. *See Cleary v. Philip Morris Inc.*, No. 09 C 1596, 2010 WL 4039793 (N.D. Ill. Oct. 14, 2010). In *Cleary*, the court relied upon *Haroco* rather than *Little* because the district court in *Little* relied upon *Burda v. M. Ecker Co.*, 2 F.3d 769 (7th Cir. 1993), which was a sanctions decision rather than a costs decision. By contrast, as cited by Defendants, other district courts have relied upon *Little* in awarding costs for computerized legal research as recoverable costs under § 1920. In its discretion, this Court declines to do so because such costs are more akin to attorney fees. *See McIlveen*, 910 F.2d 1584 (finding that district court did not abuse its discretion in declining to include computerized legal research in costs awarded under § 1920). Because the costs of computerized research are not specifically enumerated in § 1920 and this Court declines to interpret the statute such that they are included, there is no need to review the reasonableness of the charges submitted by Defendants. Plaintiff's objection to the inclusion of computerized legal research fees is sustained, and the bill of costs submitted by Defendants shall be reduced by $20,306.04.

Defendants submitted costs in the amount of $5,578.00 for copies of pleadings and document production served on Plaintiff. Plaintiff asks that this amount be reduced to $2,607.20 to exclude fees for documents that were produced on July 12, 2010. Specifically, Plaintiff claims that

Defendants produced "29,709 pages of random, indecipherable and unusable printouts" (Doc. 116, p. 7). Defendants persist in their submission because these pages were produced in response to Plaintiff's production request and because defense counsel repeatedly warned Plaintiff's counsel of the voluminous nature and questionable relevance of the documents (*see* Doc. 117-1, 117-2, 117-3). Plaintiff's objection to the production of these documents comes too late. Plaintiff did not object at the time they were produced. Plaintiff did not file an objection with the Court that the production was unresponsive to the request. Only now that Plaintiff must pay for the cost of such production does he object. The objection is overruled.

As detailed above, Plaintiff's objections to Defendants' bill of costs are sustained in part and overruled in part. Defendants Olin Corporation, Olin Brass, and Global Brass and Copper, Inc., are entitled to recover costs from Plaintiff David Feldman in the amount of **$13,035.20**.

Plaintiff's request to stay enforcement of this order under Federal Rule of Civil Procedure 62(d) is **granted**. Upon Plaintiff's filing of a supersedeas bond in the amount of **$15,000.00** with the Clerk of this Court and this Court's approval of said bond,[3] enforcement of the attorney fees and costs awards shall be stayed.

**IT IS SO ORDERED.**

DATED: 02/22/11

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

---

[3] Defendants may be entitled to interest on the attorney fees and costs awards. *See generally Fleming v. Kane County, Illinois*, 898 F.2d 553 (7th Cir. 1990); *Ohio-Sealy Mattress Mfg. Co. v. Sealy Inc.*, 776 F.2d 646 (7th Cir. 1985).